**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>MALLINCKRODT PLC, *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 20-12522 (JTD)<br>(Jointly Administered) |
| MALLINCKRODT PLC, *et al.*,<br>Plaintiffs,<br>v.<br>STATE OF CONNECTICUT, *et al.*,<br>Defendants. | Adv. Pr. No. 20-50850 (JTD)<br><br>Re: Adv. D.I 180 |

<u>**NOTICE OF APPEAL AND STATEMENT OF ELECTION**</u>

Pursuant to Bankruptcy Rule 8004 (a)[1] and 28 U.S.C. §158 (a)(3), City of Rockford,

Steamfitters Local Union No. 420, the International Union of Operating Engineers Local 542,

United Association of Plumbers & Pipefitters Local 322 of Southern New Jersey, and Acument

Global Technologies submits this Notice of Appeal in conformity with Official Bankruptcy Form

B417.

**Part 1: Identity of appellant**

1. Name(s) of appellant(s): The City of Rockford, Steamfitters Local Union No. 420, the International Union of Operating Engineers Local 542, United Association of Plumbers & Pipefitters Local 322 of Southern New Jersey, and Acument Global Technologies.

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal: Defendants

**Part 2: Identify the subject of this appeal**

---

[1] Appellants file this Nortice of Appeal and Statement of Election under Bankruptcy Rule 8004 (a) to the extent the subject order is considered interlocutory.

1.      Describe the judgment, order, or decree appealed from:

Order Granting Debtors' Supplemental Motion For Injunctive Relief Pursuant To 11 U.S.C. § 105 [Adv. D.I.180].  A copy of the Order is attached hereto as **Exhibit A**.

2.      State the date on which the judgment, order, or decree was entered:

December 18, 2020

**Part 3: Identify the subject of this appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1.   Mallinckrodt plc and its affiliated debtors listed on Attachment 1 hereto.

**Attorneys**:

George A. Davis, Esq.
George Klidonas, Esq.
Andrew Sorkin, Esq.
Anupama Yerramalli, Esq.
Latham & Watkins LLP
885 Third Avenue
New York, NY   10022
Phone: 212.906.1200
Fax: 212.751.4864

Jeffrey E. Bjork, Esq.
Latham & Watkins LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA   90071
Phone: 213.485.1234
Fax: 213.891.8763

Jason B. Gott, Esq.
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL   60611
Phone: 312.876.7700
Fax: 312.993.9767

Elizabeth Marks
Latham & Watkins LLP
Clarendon Street
Boston, MA 02116

Phone: (617) 948-6000
Fax: (617) 948-6001

Mark D. Collins, Esq.
Michael J. Merchant, Esq.
Robert J. Stearn Jr.
Amanda R. Steele, Esq.
Brendan J. Schlauch, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE   19801
Phone: 302.651.7700
Fax: 302.651.7701

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

■   Appellant elects to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

Date:   December 18, 2020
      Wilmington, Delaware                  CIARDI CIARDI & ASTIN

                                            */s/ Daniel K. Astin*
                                            Daniel K. Astin (No. 4068)
                                            1204 North King Street
                                            Wilmington, DE  19801
                                            Telephone: (302) 658-1100
                                            Facsimile: (302) 658-1300
                                            dastin@ciardilaw.com

                                            -and-

                                            Albert A. Ciardi, III, Esquire
                                            Walter W. Gouldsbury III, Esquire
                                            CIARDI CIARDI & ASTIN
                                            1905 Spruce Street

Philadelphia, PA 19103
Telephone:  (215) 557-3550
Facsimile:  (215) 557-3551
aciardi@ciardilaw.com
wgouldsbury@ciardilaw.com

-and-

Donald E. Haviland, Jr., Esquire
(Admitted *Pro Hac Vice*)
HAVILAND HUGHES
201 S. Maple Ave., Suite 110
Ambler, PA 19002
Telephone: (215) 609-4661
Facsimile: (215) 392-4400
haviland@havilandhughes.com

*Attorneys for the Appellants*

# ATTACHMENT 1

Acthar IP Unlimited Company
IMC Exploration Company
Infacare Pharmaceutical Corporation
INO Therapeutics LLC
Ludlow LLC
MAK LLC
Mallinckrodt APAP LLC
Mallinckrodt ARD Finance LLC
Mallinckrodt ARD Holdings Inc.
Mallinckrodt ARD Holdings Limited
Mallinckrodt ARD IP Unlimited Company
Mallinckrodt ARD LLC
Mallinckrodt Brand Pharmaceuticals LLC
Mallinckrodt Buckingham Unlimited Company
Mallinckrodt Canada ULC
Mallinckrodt CB LLC
Mallinckrodt Critical Care Finance LLC
Mallinckrodt Enterprises Holdings, Inc.
Mallinckrodt Enterprises LLC
Mallinckrodt Enterprises UK Limited
Mallinckrodt Group S.a.r.l.
Mallinckrodt Holdings GmbH
Mallinckrodt Hospital Products Inc.
Mallinckrodt Hospital Products IP Unlimited Company
Mallinckrodt International Finance SA
Mallinckrodt International Holdings S.a.r.l.
Mallinckrodt IP Unlimited Company
Mallinckrodt LLC
Mallinckrodt Lux IP S.a.r.l.
Mallinckrodt Manufacturing LLC
Mallinckrodt Pharma IP Trading Unlimited Company
Mallinckrodt Pharmaceuticals Ireland Limited
Mallinckrodt Pharmaceuticals Limited
Mallinckrodt Quincy S.a.r.l.
Mallinckrodt UK Finance LLP
Mallinckrodt UK Ltd
Mallinckrodt US Holdings LLC
Mallinckrodt US Pool LLC
Mallinckrodt Veterinary, Inc.
Mallinckrodt Windsor Ireland Finance Unlimited Company
Mallinckrodt Windsor S.a.r.l.

MCCH LLC
MEH, Inc.
MHP Finance LLC
MKG Medical UK Ltd
MNK 2011 LLC
MUSHI UK Holdings Limited
Ocera Therapeutics, Inc.
Petten Holdings Inc.
SpecGx Holdings LLC
SpecGx LLC
ST Operations LLC
ST Shared Services LLC
ST US Holdings LLC
ST US Pool LLC
Stratatech Corporation
Sucampo Holdings Inc.
Sucampo Pharma Americas LLC
Sucampo Pharmaceuticals, Inc.
Therakos, Inc.
Vtesse LLC
WebsterGx Holdco LLC
Mallinckrodt Equinox Finance LLC

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------------------- x
In re:                                        :   Chapter 11
                                              :
MALLINCKRODT PLC, et al.,¹                    :
                                              :   Case No. 20-12522
                 Debtors.                     :
                                              :   (Jointly Administered)
                                              :
                                              :
---------------------------------------------------------- x
                                              :
MALLINCKRODT PLC, et al.,                     :
                                              :
                 Plaintiffs,                  :   Adv. Pro. No. No. 20-50850
                                              :
v.                                            :   Re:  Adv. D.I. 16
                                              :
State of Connecticut, et al.²                 :
                                              :
                 Defendants.                  :
                                              :
---------------------------------------------------------- x
```

## ORDER GRANTING THE DEBTORS' SUPPLEMENTAL MOTION
## FOR INJUNCTIVE RELIEF PURSUANT TO 11 U.S.C. § 105

This matter coming before the Court on the above-captioned debtors' (the "**Debtors**")

Amended Complaint and *Supplemental Motion for Injunctive Relief Pursuant to 11 U.S.C. § 105*

---

¹   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the
Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt.  The
Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

²   A complete list of the Defendants is set forth in the caption of the Debtors' *Amended Adversary
Complaint for Injunctive Relief Pursuant to 11 U.S.C. § 105* [Adv. D.I. 15] ("**Amended
Complaint**") and in Exhibits 1 and 2 thereto.

1

(the "**Supplemental Motion**"),[3] and the Court having reviewed the Amended Complaint and the Supplemental Motion, as well as (a) *Debtors' Corrected Opening Brief in Support of Supplemental Motion for Injunctive Relief Pursuant to 11 U.S.C. § 105* [Adv. D.I. 23] (the "**Opening Brief**"), (b) the *Declaration of M. Viola So in Support of Debtors' Motion for Injunctive Relief* [Adv. D.I. 18], (c) the *Declaration of Randall S. Eisenberg in Support of Debtors' Motion for Injunctive Relief Pursuant to U.S.C. § 105* [Adv. D.I. 4], (d) the *Brief in Support of Debtors' Motion for Temporary Restraining Order* [Adv. D.I. 20], (e) the *Corrected Declaration of Randall S. Eisenberg filed in Support of the Debtors' Motion for Temporary Restraining Order* [Adv. D.I. 25]; and (f) the *Declaration of Stephen A. Welch, Chief Transformation Officer, in Support of Chapter 11 Petitions and First Day Motions* [Main Case D.I. 128], and (e) additional testimonial and documentary evidence submitted in connection with the Motion, together with responses to the Supplemental Motion; and, having heard the arguments of counsel at the hearing on November 16, 2020, the Court ruled on the record at the omnibus hearing on November 23, 2020 and finds and concludes as follows:

A.      The plaintiffs in this adversary proceeding are the Debtors.  The defendants in this adversary proceeding are the Defendants listed in the caption to the Amended Complaint (also listed in the "Plaintiff Name" column of Exhibits 1 and 2 to the Amended Complaint).

B.      The MDL Actions described in Exhibit 1 are already subject to an administrative/case management stay entered in the multi-district litigation proceeding in the

---

[3]   Capitalized terms not otherwise defined herein have the meanings given to them in the Supplemental Motion.

Northern District of Ohio before District Judge Daniel A. Polster under the caption *In re National Prescription Opiate Litigation*, Case No. 1:17-md-02804 (MDL No. 2804) (the "MDL").[4]

C.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue for this matter is proper in this district pursuant to 28 U.S.C. § 1409.

D.       In this Supplemental Motion, the Debtors seek, pursuant to section 105 of the Bankruptcy Code, an order prohibiting certain of the Defendants from continuing any of the actions listed on Exhibits 1 or 2 to the Amended Complaint or commencing any substantially similar action that could have been commenced prior to the Petition Date (collectively, the "**Additional Covered Actions**") against the third-party defendants listed on Exhibit 2 to the Amended Complaint (the "**Covered Non-Debtors**").

E.       As a single exception to the requested injunction, the Debtors seek to permit mediation to continue and conclude in one of the Additional Covered Actions, namely *Shenk v. Mallinckrodt plc*, No. 1:17-cv-00145-DLF (D.D.C.).  The Debtors and the plaintiff in the *Shenk* case have entered into a separate stipulation that will be filed on the docket in this proceeding.

F.       The Court concludes that the Debtors have demonstrated that a preliminary injunction is warranted in order to enjoin the continuation or commencement of the Additional Covered Actions for 270 days (the "**Injunction Period**").  The Debtors have demonstrated that, with the benefit of the requested injunction, they have a high likelihood of reorganizing successfully.  The Debtors have further demonstrated that they will suffer irreparable harm absent the requested injunction, because the commencement or continuation of any Additional Covered

---

[4]      *See* Case Management Order One [D.I. 232], *In re National Prescription Opiate Litigation*, Case No. 1:17-md-02804 (MDL No. 2804).

Action, including any MDL Action that subsequently becomes an Additional Covered Action, against the Covered Non-Debtors will substantially deplete estate resources, will substantially distract key officers and employees, and risk collateral estoppel and record taint against the Debtors, and will imperil the Debtors' proposed reorganization. The Debtors have further demonstrated that the harm to the applicable Defendants, if any, due to imposition of the injunction is minimal and is outweighed by the above-stated harm to the Debtors. Finally, the Debtors have demonstrated that an injunction is in the public interest because, among other reasons, it is necessary to accomplish the Debtors' reorganization, including the establishment of one or more trusts for claimants asserting opioid-related liability to be funded with, among other things, structured cash payments aggregating to $1.6 billion over time, warrants to acquire 19.99% of the reorganized Debtors' equity, and certain other assets of the Debtors.

G.       Accordingly, this Court finds it appropriate to enter an injunction as provided herein pursuant to section 105 of the Bankruptcy Code and Rule 7065 of the Bankruptcy Rules.

H.       The legal and factual bases set forth in the Amended Complaint, the Supplemental Motion, the Opening Brief, other supporting papers, and at the hearing establish just cause for the limited relief granted herein.

I.       The Defendants who are also Supporting Governmental Opioid Claimants (as defined in the Restructuring Support Agreement filed as Exhibit A to Docket No. 128 of Case No. 20-12522 (the "RSA")), the PEC or any designee of the PEC,[5] the governmental entities identified

---

[5]   The Plaintiffs' Executive Committee (the "**PEC**") means the court-appointed Co-Lead Counsel Paul J. Hanly Jr., Joseph Rice, and Paul T. Farrell, Jr. on behalf of the court-appointed sixteen member plaintiffs' executive committee and three co-liaison counsel in the MDL, solely in their capacities as such and not in any individual capacities. *See* Plaintiffs' Renewed Motion to Approve Co-Leads, Co-Liaisons, and Executive Committee, In re: National

in the *Verified Statement of the Multi-State Governmental Entities Group Pursuant to Rule 2019 of the Federal Rules of Civil Procedure* [Bankr. D.I. 337], the municipalities identified in the *Verified Statement of the Municipalities Pursuant to Rule 2019 of the Federal Rules of Civil Procedure* [Bankr. D.I. 489], and the following States and governmental entities that did not sign the RSA: the State of Delaware; the Commonwealth of Massachusetts; the State of Oklahoma; the State of Rhode Island; the State of West Virginia; the City of San Francisco, CA; the City of Chicago, IL; and the New York State Department of Financial Services (collectively, the "**Voluntarily Bound Parties**"),[6] have each consented and agreed to abide by the terms of this Order with respect to the Covered Actions listed on Exhibit 1 to the Amended Complaint, the Securities Actions listed on Exhibit 2 to the Amended Complaint, and any substantially similar action that could have been commenced prior to the Petition Date, solely as to the Covered Non-Debtors in the Securities Actions listed on Exhibit 2 to the Amended Complaint (together, the "**VBP Actions**"), without the need to have any order or injunction entered against them, *provided*, for the avoidance of doubt, that the Voluntarily Bound Parties, by virtue of such consent and agreement, shall not be bound or otherwise prejudiced by the conclusions and findings set forth in paragraphs F, G, and H of this Order.[7]

---

Prescription Opiate Litigation, Case No. 17-md-02804, MDL No. 2804, Jan. 4, 2018 (N.D. Ohio) (D.I. 34); *see also* Margin Order Granting D.I. No. 34 (D.I. 37).

[6] The City of Marietta, a plaintiff in one of the Covered Actions listed on Exhibit 1 to the Amended Complaint (*City of Marietta v. Mallinckrodt ARD LLC*, Case No. 1:20-cv-00552 (N.D. Ga.), has also agreed to be a voluntarily bound party, but has entered into a separate stipulation with the Debtors, which will be filed on the docket in this proceeding.

[7] If the Supplemental Motion is granted and this Order entered, the Debtors will prepare and file revised versions of Exhibits 1 and 2 to the Amended Complaint that will indicate which parties in the Covered Actions and the Additional Covered Actions have agreed to be voluntarily

J.       If any of the Voluntarily Bound Parties stop abiding by the terms of this Order with respect to the VBP Actions, the Debtors reserve their rights to seek further relief from the Court.

Based on these findings, the Court ORDERS that:

1.       The Debtors' request, pursuant to section 105 of the Bankruptcy Code, to enjoin for 270 days prosecution of all Additional Covered Actions against the Covered Non-Debtors, is granted, other than as it pertains to the Voluntarily Bound Parties.

2.       For clarity, the Additional Covered Actions include (i) every lawsuit identified on Exhibit 2 to the Amended Complaint as against the Covered Non-Debtors, (ii) every lawsuit identified on Exhibit 1 to the Amended Complaint to the extent any plaintiff seeks to amend to add any Covered Non-Debtor as a defendant, and (iii) any future actions by any plaintiff against any of the Covered Non-Debtors alleging substantially similar facts or causes of action that could have been commenced before the Petition Date.

3.       Additionally, any MDL Action that, during the Injunction Period, is the subject of any actions taken by counsel for any plaintiff or defendant in the MDL that seeks to start litigation against any Covered Non-Debtor in the MDL Action, or take action against any Covered Non-Debtor in the MDL Action, including but not limited to seeking to amend to name any Covered Non-Debtor as a defendant, shall automatically and immediately become an Additional Covered Action and enjoined during the Injunction Period as if it were an Additional Covered Action at the time of entry of this Order.  If any plaintiff in any MDL Action seeks to start a new litigation against any Covered Non-Debtor outside of the MDL related to opioids, that matter shall be subject to the mechanics described in paragraph 6, *infra*.

---

bound parties, which are MDL Actions subject to the mechanics described in paragraph 2, *supra*, and which parties have not agreed to be bound in any way and thus are enjoined by this Order.

6

4.      Defendants, other than the Voluntarily Bound Parties, are prohibited and enjoined from commencing or continuing to prosecute any Additional Covered Actions against the Covered Non-Debtors for 270 days, pursuant to section 105 of the Bankruptcy Code.  The Voluntarily Bound Parties, as set forth in paragraph I above, consent and agree to abide by the terms of this Order, and agree not to commence or continue to prosecute any of the VBP Actions for 270 days from the date of entry of this Order.  This includes, without limitation: (i) the pursuit of discovery, including depositions, from the Debtors or the Covered Non-Debtors; (ii) the enforcement of any discovery order against the Debtors or the Covered Non-Debtors; and (iii) further motion practice, in the Additional Covered Actions; *provided that*, solely with respect to the Voluntarily Bound Parties, items (i) thru (iii) in this paragraph 4 shall apply only with respect to the prosecution of the Additional Covered Actions as against the Debtors.

5.      Nothing in this Order shall prevent the Debtors from seeking a further extension of the injunction provided for herein.

6.      Other than for MDL Actions, which are subject to the mechanics described above in paragraphs 3, *supra*, if during the pendency of the injunction provided for herein, any Voluntarily Bound Party commences an action that is substantially similar to any of the VBP Actions, then the Debtors may promptly serve the plaintiff or plaintiffs therein (the "**Applicable Plaintiff**") with a copy of the Amended Complaint, the Supplemental Motion, the Opening Brief and this Order (collectively, the "**Service Documents**").  The Debtors shall file a notice of such service on the docket promptly after service.  If the Applicable Plaintiff in such Additional Covered Action does not file and serve an objection within seven (7) days of service of the Service Documents, the Court shall determine without further proceedings whether such Additional Covered Action shall be enjoined pursuant to this Order.  If the Applicable Plaintiff files and serves

7

an objection, the Debtors shall have the right to file and serve a response to the objection within seven (7) days of service of such objection, after which the court shall determine without further proceedings whether such Additional Covered Action shall also be enjoined pursuant to this Order.

7.     Any party subject to this Order, and the Voluntarily Bound Parties by virtue of their consent and agreement as set forth herein, may seek relief from any of the provisions of this Order, including from the stay of further proceedings in this adversary proceeding, for cause shown.  This Order is without prejudice to the Debtors' right to argue that the Additional Covered Actions are subject to the automatic stay imposed by section 362(a) of the Bankruptcy Code.

8.     The deadline for the Defendants in this proceeding to respond to the Amended Complaint is extended through and including the last date of the Injunction Period.

9.     Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the Debtors are relieved from posting any security pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

10.     The Debtors shall serve a copy of this Order on counsel for the Defendants and the Voluntarily Bound Parties within five (5) business days from entry of this Order.

11.     If a plan of reorganization is confirmed within the Injunction Period, then this Order shall remain effective for the period through thirty days after the effective date of a confirmed plan of reorganization that is no longer subject to appeal or discretionary review.

12.     The Court retains jurisdiction over this Order and the relief granted herein.

**Dated: December 4th, 2020**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

8